Filed 3/20/26  P. v. Rood CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C103478 |
| Plaintiff and Respondent, | (Super. Ct. No. 25CP0755) |
| v. | |
| COLTON JAMES ROOD, | |
| Defendant and Appellant. | |

Defendant Colton James Rood appeals from the trial court's order finding him in violation of his parole.  His appointed counsel has asked this court for an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Rood was informed of his right to file a supplemental brief and did not do so.  We conclude he is not entitled to *Wende* review and dismiss the appeal as abandoned.

1

BACKGROUND

In January 2025, Rood was served with, but refused to sign, his conditions of parole, which required him to participate in a sex offender treatment program, sign all necessary documents to do so, and prohibited him from possessing a knife with a blade over two inches. In February 2025, Rood refused to sign the paperwork required to enter a sex offender treatment program. Thereafter, Rood was arrested for violating parole and a search of his vehicle located a tote bag containing a knife with a blade of approximately five inches.

A petition for revocation of parole filed in March 2025 alleged Rood violated parole by failing to participate in a sex offender treatment program and possessing a knife with a blade over two inches. In April 2025, the trial court conducted a parole revocation hearing and found the allegations proven by a preponderance of the evidence.[1] The court revoked parole and sentenced Rood to 180 days in jail with 72 days of custody credit.

Rood timely appealed.

DISCUSSION

Appointed counsel filed a brief raising no issues and seeking our independent review of the record under *People v. Wende*, *supra*, 25 Cal.3d 436. The brief includes counsel's declaration stating that he informed Rood of counsel's intent to file a *Wende* brief, that counsel offered to provide a copy of the record on appeal to Rood, and advised Rood of his right to file a supplemental brief within 30 days of the date the brief was filed. More than 30 days have elapsed, and Rood has not filed a supplemental brief.

An order revoking parole is appealable as a postjudgment order affecting a defendant's substantial rights. (*People v. Osorio* (2015) 235 Cal.App.4th 1409, 1412, disapproved on other grounds in *People v. DeLeon* (2017) 3 Cal.5th 640, 646;

---

[1] Prior to the parole revocation hearing, the trial court heard and denied Rood's motion to substitute counsel under *People v. Marsden* (1970) 2 Cal.3d 118.

Pen. Code, § 1237, subd. (b).) The right to review under *Wende*, however, applies only to a defendant's direct appeal as of right from a judgment of conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501; *People v. Freeman* (2021) 61 Cal.App.5th 126, 133.)

If the defendant personally files a supplemental brief, the appellate court must evaluate any arguments presented in the brief and prepare a written opinion that describes those contentions and why they fail. (See *People v. Kelly* (2006) 40 Cal.4th 106, 124.) Here, Rood did not file a supplemental brief. Accordingly, we dismiss the appeal as abandoned.

And even exercising our discretion to conduct an independent review of the record under *Wende*, we find no arguable error that would result in a disposition more favorable to Rood. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 7 [appellate court may retain an appeal seeking *Wende* review].)

DISPOSITION

The appeal is dismissed.

 

 

                                             /s/
                                      BOULWARE EURIE, J.

 

We concur:

 

 

     /s/
HULL, Acting P. J.

 

 

     /s/
FEINBERG, J.